```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA
```

```
WILLIE MCGOWEN,                )
                               )
          Plaintiff,           )
                               )
v.                             )   Case No. CIV-07-248-KEW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
          Defendant.           )
```

## OPINION AND ORDER

Plaintiff Willie McGowen (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further consideration.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 15, 1945 and was 61 years old at the time of the ALJ's decision. Claimant has a high school education. Claimant previously worked as a jailer/dispatcher. Claimant alleges an inability to work beginning on October 31, 2004 due to shoulder pain, pain and numbness in the hands, muscle spasms, and poor circulation.

**Procedural History**

On April 1, 2005, Claimant filed for disability benefits under

Title II of the Social Security Act (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. On November 13, 2006, Claimant appeared at a hearing before ALJ Lantz McClain in Tulsa, Oklahoma. By decision dated December 28, 2006, the ALJ denied Claimant's request for benefits. On June 15, 2007, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing, had transferable skills from her past relevant work, and retained the residual functional capacity ("RFC") to perform dispatcher-type jobs which exist in significant numbers in the national and regional economies.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to (1) find that Claimant's arthritis and numbness in the hands was a severe impairment; (2) properly consider Claimant's treating physician's opinions; (3) arrive at an RFC which was supported by substantial

4

evidence; and (4) properly consider Claimant's age in determining that her skills were transferable.

**Consideration of Claimant's Arthritis and Hand Numbness**

Claimant first contends the ALJ improperly failed to consider her arthritis and hand numbness as severe impairments. Claimant underwent a full right breast mastectomy in early 1995. (Tr. 132). Prior to her alleged onset date, Claimant was treated for some variation of arm, shoulder, back, knee pain, and muscle spasms on a few occasions. (Tr. 135, 137, 142, 143). On June 18, 2005, Claimant underwent a consultative examination by Dr. Ravinder Kurella. Dr. Kurella noted a history of numbness in the forearms and hands. He also found Claimant had a full range of motion in her back, bilateral hip and knee joints, and elbow and wrist joints. Dr. Kurella noted restricted range of motion of the right shoulder secondary to contractures after Claimant's mastectomy. Claimant had had no recurrence of cancer. He found Claimant to have hand grip strength of 3/5 on the right side and 5/5 on the left side. (Tr. 147).

On August 5, 2005, a Physical Residual Functional Capacity Assessment form was completed on Claimant. Claimant was assessed to be able to occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for about 6 hours in an 8 hour day, sit for less than about 6 hours in an 8 hour day, and engage

in unlimited pushing and pulling. (Tr. 153). The only other limitations on the form were for occasional kneeling and limited reaching in all directions. (Tr. 154-155).

On September 1, 2005, Claimant sought treatment for arthritic pain in her shoulders and right knee. (Tr. 164). She was diagnosed with osteoarthritis. Id. On November 10, 2005, Claimant sought treatment for edema of her right hands, bilaterally. (Tr. 163).

On November 11, 2005, a Medical Source Opinion of Residual Functional Capacity form was completed by Dr. Z. Anderson at the Eufaula Indian Clinic. The form indicates frequent sitting, occasional standing/walking, frequent reaching with her right arm and continuous reaching with her left. He also noted occasional grasping, handling, fingering, or feeling with her right and left hands. (Tr. 160). He based his limitations on diagnoses of osteoarthritis and post-mastectomy contractures. Id.

On February 17, 2006, Claimant was attended by Dr. Norma Sneed. Dr. Sneed found Claimant to have joint and shoulder pain as well as poor circulation in her right arm. (Tr. 185). On August 18, 2006, Dr. Sneed completed a Medical Source Opinion of Residual Functional Capacity form on which she noted Claimant could occasionally stand/walk. (Tr. 186). She stated Claimant was experiencing pain in the PIP joints and shoulder. Id. She also noted in the examination that Claimant complained of numbness in the fingers and

6

toes and back pain. (Tr. 185).

At the hearing before the ALJ, Claimant testified she could not pick up things because "I have poor circulation in both arms and my fingers are numb." (Tr. 213). She testified it would take her four or five tries to pick up pennies or paper. Id. She could write checks but not a whole paper because her wrist starts hurting. Id.

In his decision, the ALJ found Claimant suffered from the severe impairments of mild obesity and status post mastectomy with right shoulder contractures. (Tr. 14). He discounted Claimant's complaints of an inability to use her hand and feet numbness, finding "no validation of any of these impairments in the record." (Tr. 15). The ALJ acknowledged Claimant's testimony on limitations caused by her hands and fingers and the reduced grip strength noted in Dr. Kurella's report. Id. He further found the forms completed by Drs. Sneed and Anderson were "unsupported by documentary evidence." (Tr. 16). The ALJ concluded Claimant could perform sedentary work. However, since Claimant's past relevant work as a dispatcher qualified for light work, she could not return to that job. (Tr. 16-17). The ALJ found the skills derived from Claimant's past relevant work were transferable to another job. (Tr. 16-17).

At step two, the claimant must prove that she has a medically severe impairment or combination of impairments that significantly limits her ability to do basic work activities. 20 C.F.R. §§

7

404.1520(a)(4)(ii), 404.1521(a). "The step two severity determination is based on medical factors alone . . . ." <u>Williamson v. Barnhart</u>, 350 F.3d 1097, 1100 (10th Cir. 2003). Although step two requires only a "de minimis" showing of impairment, a "claimant must show more than the mere presence of a condition or ailment." <u>Hinkle v. Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997). Combining Claimant's testimony of limitations on fingering and grasping, the reduction in grip strength noted by Dr. Kurella, and the opinions of Drs. Anderson and Sneed with regard to Claimant's residual function, this Court concludes the affect of her problems with her hands, be it from numbness or another source, upon her ability to work is more than minimal. On remand, the ALJ should consider further consultative examination medical sources to determine the extent of Claimant's limitations upon her hand use.

**Consideration of Treating Source Opinions**

Claimant next challenges the ALJ's evaluation of Dr. Anderson's opinions on Claimant's residual function as a treating source. Under 20 C.F.R. §§ 404.1502 and 416.902, a treating source is a physician who the claimant sees "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)."

"An ALJ should '[g]enerally, ... give more weight to opinions from [claimant's] treating sources.'" <u>Watkins v. Barnhart</u>, 350 F.3d

8

1297, 1300 (10th Cir. 2003)(alterations in original)(quoting 20 C.F.R. § 404.1527(d)(2)). "The ALJ is required to give controlling weight to the opinion of a treating physician as long as the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). If an opinion fails on one of these conditions, it "means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Watkins, 350 F.3d at 1300 (quoting Soc. Sec. R. 96-2p). Non-controlling opinions "'are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" Id. Those factors are (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1301 (quotation omitted). "[I]f [an] ALJ rejects [a treating source's opinion] completely, he must . . . give 'specific,

legitimate reasons' for doing so." Id. (quoting Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996))(further quotation omitted).

Curiously, the ALJ rejects Dr. Anderson's opinions contained in the residual function capacity form as being "unsupported by documentary evidence." At the same time, the ALJ cites Dr. Anderson's report with approval when Dr. Anderson wrote Claimant was capable of frequent or continuous use of her arms for reaching, pushing, and pulling. (Tr. 16). It is, therefore, impossible for this Court to determine precisely what weight the ALJ gave to Dr. Anderson's opinions. He must proceed through the required analysis on remand and not pick and choose the portions of the medical evidence from Dr. Anderson or any other source that support his ultimate conclusion while ignoring contradictory evidence. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004).

**RFC Assessment**

Since this Court found the ALJ's decision that Claimant's hand impairments were not severe was not supported by substantial evidence, he should also re-evaluate Claimant's RFC upon remand.

**Transferability of Skills from Past Relevant Work**

Claimant asserts the ALJ should have considered the effect of her advanced age upon her ability to transfer skills from her past relevant work as a dispatcher to any future employment. The ALJ did not consider Claimant's age upon this determination. It is

appropriate to do so.  Soc. Sec. R. 82-41.  On remand, the ALJ shall specifically consider this factor in assessing the transferability of job skills.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

IT IS SO ORDERED this 29th day of September, 2008.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE